IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICHARD HUNTER AND JANA HUNTER,
Husband and Wife                                                                                         PLAINTIFFS

V.                                          4:25CV000267 JM

ASPEN CONTRACTING, INC.                                                                   DEFENDANT

## ORDER

Pending is Defendant's motion to dismiss. (Docket # 16). Plaintiffs have filed a response and Defendant has filed a reply. The motion is ripe for consideration.

Plaintiffs initiated this action by filing their original complaint in the Circuit Court of Pulaski County, Arkansas on February 11, 2025. Defendant removed the case to this Court on March 18, 2025. Plaintiffs filed their amended complaint on April 10, 2025. Defendant has moved to dismiss the case based on the statute of repose. Alternatively, Defendant argues that Counts three, five, six, seven and eight should be dismissed for failure to state a claim upon which relief can be granted.

In July 2017 Defendant Aspen Contracting, Inc. ("Aspen") entered into a contract with the Plaintiffs Richard Hunter and Jana Hunter ("the Hunters") to replace the roof on the Hunter's home. Aspen completed the replacement of the Hunter's roof in September 2017. The Hunters claim that since November 2020 the property has incurred multiple, reoccurring leaks in numerous areas of the home. Aspen and its agents were made aware of the leaks in November 2020 and since that time have made attempts to repair the roof. The Hunters claim that Aspen failed to substantially repair the substandard and negligent work and caused further damage to the property.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to 'give fair notice of what the...claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).   A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

Discussion

Aspen argues that the Arkansas statute of repose for construction projects has extinguished all claims in the Amended Complaint because more than five years have elapsed

since substantial completion of the roof.  "A statute of repose provides a 'timeliness' defense limiting the time in which an action may be brought, similar to a statute of limitations. Unlike a statute of limitations, however, a statute of repose can 'cut off entirely an injured person's right of action before it accrues, when that action does not arise until after the statutory period has elapsed.'" *Nw. Arkansas Conservation Auth. v. Crossland Heavy Contractors, Inc.,* 504 F. Supp. 3d 947, 951 (W.D. Ark. 2020), aff'd, 47 F.4th 705 (8th Cir. 2022) citing, *Curry v. Thornsberry*, 354 Ark. 631, 128 S.W.3d 438, 441 (2003). Ark. Code Ann. § 16-56-112(a) provides:

> (a)  No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property or for injury to real or personal property caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction or repair of the improvement more than five (5) years after substantial completion of the improvement.

"The Arkansas Supreme Court has broadly interpreted the statute of repose to apply to theories of recovery sounding in both contract and tort, holding that it encompasses 'all actions which arise out of a construction contract where property damage has allegedly resulted from any deficiency in design, planning, supervision or observation of construction or the construction and repair of any improvement to real property.'" *Nw. Arkansas Conservation Auth.*, 504 F. Supp. 3d at 951, citing, *Okla Homer Smith Furniture Mfg. Co. v. Larson & Wear, Inc.*, 278 Ark. 467, 646 S.W.2d 696, 698 (1983).

     The Hunters claim that the statute of repose does not extinguish their claims because repair work was not substantially completed in accordance with the contract and was not accepted by them.  The repair doctrine has been rejected in Arkansas.  In *Star City Sch. Dist. v. ACI Bldg. Sys., LLC*, 844 F.3d 1011, 1018–19 (8th Cir. 2017) the Eighth Circuit Court of

Appeals rejected the Plaintiff's argument that the statute of repose was tolled while the Defendant attempted to repair the roof.  The Court held "[a]bsent fraudulent concealment of the deficiency, any right of action ceases to exist five years after the date of substantial completion of the improvement." *Id*. at 1018, quoting, Ark. Code Ann. § 16–56–112(d); *Curry v. Thornsberry,* 128 S.W.3d 438 at 441 (2003), and *Carlson v. Kelso Drafting & Design, Inc.,* 374 S.W.3d 726, 729 (2010) (refusing "to adopt a 'repair doctrine' that would have the effect of tolling the statute during the period that appellees attempted repairs and representations were made that the repairs would cure the defect").

In determining the meaning of "substantially complete" with regard to a construction contract,  the court noted that "[t]he term 'substantial completion' is not defined in the statute, but it 'generally means that the building or project has reached a point where it is ready for the use for which it was intended and whatever work remains to be done is minor.'"  *Star City*, 844 F.3d at 1018 (the building was substantially completed when the school district took possession of the building for use as a high school).  Here, the contract between the parties was entered in July 2017 and the roof was completed in September 2017.  Although the Hunters claim that Aspen's initial installation of the new roof was later discovered to be improper, substandard and negligent it is undisputed that as of September 2017 the Hunters had possession and use of  the home.  Because the improvement was substantially completed well before September 2022 which is five years after the date of substantial completion of the roof, absent evidence of fraudulent concealment, the statute of repose bars the Hunter's claims. See, *Star City Sch. Dist.* 844 F.3d at 1018.

The Hunters claim that Aspen and its agents were aware that the roof was not properly installed or repaired and fraudulently concealed this information from them accordingly, the

statute of repose is tolled. " In order to toll the statute of limitations, there must be a fact question of 'some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.'" *Miller v. Subiaco Acad.*, 386 F. Supp. 2d 1025, 1030 (W.D. Ark. 2005). However, the concealment of facts, "no matter how fraudulent or otherwise wrongful, has no effect on the running of a statute of limitations if the plaintiff could have discovered the fraud or sufficient other facts upon which to bring their lawsuit, through a reasonable effort on his or her part". *Id*. "[T]o rebut a limitations defense, a plaintiff must describe specific fraudulent acts committed for the purpose of concealing a cause of action. *Hutcherson v. Rutledge*, 2017 Ark. 359, 4, 533 S.W.3d 77, 80 (2017)(citations omitted).

      Taking the Plaintiff's allegations as true, the alleged concealment of the extent of damage to the roof constitutes positive acts of concealment. But Plaintiffs must also allege that that Aspens affirmative acts of concealment prevented the discovery of their cause or causes of action. *Id*. Here, Aspen did not conceal facts and took no steps to conceal the facts giving rise to the Hunter's cause of action. The Hunters could at any time through the exercise of reasonable diligence discovered the extent of damage to the roof. *See, Miles v. A.O. Smith Harvestore Prods., Inc.*, 992 F.2d 813, 816 (8th Cir. 1993)( finding that it would have been impossible for defendant to have concealed the evidence of plaintiff's cause of action where evidence was in plaintiff's yard). The Hunters failed to create a fact question of 'some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.'" *Miller*, 386 F. Supp 2d at 1030. Therefore, The Hunter's claims fall within and are extinguished by the statute of repose.

Conclusion

For these reasons, Defendant's motion to dismiss (docket # 16) is GRANTED. The case is dismissed with prejudice.

IT IS SO ORDERED this 15th day of January, 2026.

_____
James M. Moody Jr.
United States District Judge